UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| ROBERT SMITH and HEATHER SMITH,  Plaintiffs,  V.  STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and FEDERAL INSURANCE COMPANY,  Defendants. | CIVIL ACTION NO. 5:15-375-KKC  **OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the defendant Federal Insurance Company's motion to strike the opinion and testimony by expert David Porta (DE 33). Federal argues that the plaintiffs failed to timely disclose Porta's opinion and, thus, this Court must exclude it. For the following reasons, the Court will not exclude the opinion or testimony but will grant the defendants an opportunity to depose Porta.

This case involves a car wreck. The plaintiffs allege that Andrew Shewmaker, who is not a party to this suit, was driving a pick-up truck and rear-ended the plaintiff Robert Smith, who was driving a Toyota Highlander. The impact caused the Highlander to go off the road, strike a pole, and roll. The plaintiffs further allege that, at the time of the wreck, Smith was insured by defendants State Farm Automobile Insurance Company and Federal and that the coverage included underinsured motorist coverage. The plaintiffs assert that State Farm and Federal are obligated to pay for all damages Robert Smith suffered as a result of the wreck that are above the limits of Shewmaker's insurance policy.

The issue on this motion is the timeliness of the plaintiffs' expert disclosures. Federal Rule of Civil Procedure 26(a)(2)(D) provides that, unless a court order provides otherwise, parties must disclose experts at least 90 days before trial or, "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party, . . . within 30 days after the other party's disclosure."

There is a court order in this case. It provides that plaintiffs' deadline to disclose experts was August 1, 2016 and the defendants' deadline to do the same was September 2, 2016. The Court's order did not specifically address the deadline for disclosing rebuttal experts. Thus, the deadline in Rule 26 applies – 90 days before trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party, within 30 days after the other party's disclosure.

Whether or not Porta is a rebuttal expert, the plaintiffs were late in disclosing him. With regard to retained experts, the rules require that the expert disclosure include a written report. In their initial disclosures, plaintiffs did not include a written report by Porta. Instead, they stated that Porta "may be called as rebuttal expert if defendants raise certain issues as to causation and those matters, pursuant to Kentucky and federal law, are permitted to be heard as evidence before the jury." The plaintiffs further identified "[a]ny other appropriate rebuttal experts."

Plaintiffs did not provide Porta's report until November 1, 2016. This was two months after the defendants' September 2, 2016 expert disclosures. Even assuming that Porta's report is "intended solely to contradict or rebut evidence on the same subject matter identified by another party," the report was due within 30 days of the defendants' disclosure. It was a month late. The issue then is the proper remedy.

2

Federal asks the Court to strike Porta's testimony. Rule 37(c)(1) permits the Court to do that "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Sixth Circuit has interpreted Rule 37(c)(1) to "require[ ] absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.' " *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (quoting *Vance v. United States*, 182 F.3d 920 (6th Cir. 1999)). "Although exclusion of late or undisclosed evidence is the usual remedy for noncompliance with Rule 26(a) or (e), Rule 37(c)(1) provides the district court with the option to order alternative sanctions instead of exclusion of the late or undisclosed evidence 'on motion and after giving an opportunity to be heard.'" *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015) (quoting Fed. R. Civ. P. 37(c)(1)).

To assess whether a party's omitted or late disclosure is "substantially justified" or "harmless," the Sixth Circuit has directed courts to consider five factors:

> (1) the surprise to the party against whom the evidence would be offered;
> (2) the ability of that party to cure the surprise;
> (3) the extent to which allowing the evidence would disrupt the trial;
> (4) the importance of the evidence; and
> (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Id.* at 747–48 (citing *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396–97 (4th Cir. 2014)).

Here, the defendants cannot have been completely surprised by Porta's report. Plaintiffs identified Porta in their initial disclosures and notified the defendants that they may call Porta as a rebuttal expert "if defendants raise certain issues as to causation."

3

Nevertheless, defendants were not aware of the contents of Porta's report until November 1, 2106, which was also the date that discovery in this matter ended.

As to prejudice, Federal complains that this gave it no opportunity to depose Porta. Any prejudice, however, can be cured by granting Federal an opportunity to depose Porta. Federal further argues that it should be given additional time to obtain testimony to rebut Porta's opinion that a seat belt would not have prevented Smith's injuries. Porta's opinion, however, rebuts Dr. Lisa Gwin's opinion that, "had Mr. Smith utilized the available seatbelt, he likely would have suffered no serious injuries." (DE 33-5, Gwin Rpt.) There is no need for rebuttal to rebuttal testimony.

Federal argues that Porta's report does not solely rebut Dr. Gwin's report because, in the course of his opinion, he also opines that Smith's seat back failed. Porta's opinion that there was a seatback failure is entwined with his rebuttal conclusion that the seatbelt would not have prevented Smith's injuries. In his report, Porta opines that Smith would have been "significantly reclined" during the collision because the seat back failed and, thus, even with a seatbelt, Smith would have slid forward and hit the dash. Nevertheless, it appears from the parties' arguments that Porta is the first expert to offer an opinion as to seat-back failure. Accordingly, the defendants would be prejudiced without an opportunity to obtain rebuttal testimony as to that issue and the Court will grant them that opportunity.

An extension of the discovery period for Porta's deposition and to permit the defendants to obtain rebuttal testimony on the limited issue of whether the seat back failed should not impact the March 13, 2017 trial date.

As to the reason for the plaintiff's failure to disclose Porta within the 30-day timeframe for rebuttal testimony provided in Rule 26, plaintiffs appear to rely on the fact that there

was no rebuttal-expert deadline contained in the Court's scheduling order. This is true, however, attorneys are charged with knowing the civil rules including Rule 26(a). Nevertheless, because the prejudice from the late disclosure can be remedied and because the evidence is important to arrive at the truth regarding the cause of any injuries suffered by Smith, the Court will not strike Porta's testimony in its entirety.

For all these reasons, the Court hereby ORDERS as follows:

1) Federal's motion to strike the opinion and testimony by expert David Porta (DE 33) is DENIED;

2) the defendants shall be granted 30 days from the entry date of this order to depose David Porta and the plaintiffs shall take all reasonable measures to ensure that Porta is available within that time frame; and

3) on or before February 7, 2017, the defendants may disclose a rebuttal expert whose opinion is offered solely to contradict or rebut Porta's opinion that Smith's seat back failed.

Dated January 11, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY